UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MASTERPAGE COMMUNICATIONS, INC.,                **FINAL JUDGMENT**
                                                 **OF INJUNCTION**

                Plaintiff,

  -against-                                     1:02-CV-888
                                                (NAM/DRH)

THE TOWN OF OLIVE, NEW YORK, THE TOWN
OF OLIVE TOWN BOARD, BERNDT LEIFELD,
Supervisor, LINDA BURKHARDT, HELEN CHASE
CINDY JOHANSEN and BRUCE LAMONDA, in
their capacity as members of the Town Board of the
Town of Olive, THE PLANNING BOARD OF THE
TOWN OF OLIVE, THE BUILDING INSPECTOR
OF THE TOWN OF OLIVE, and THE CODE
ENFORCEMENT OFFICER OF THE TOWN OF
OLIVE,

                Defendants.
_____

      Plaintiff having moved the Court (Honorable Norman A. Mordue, District Judge, presiding) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and having requested injunctive relief directing Defendants to issue a special use permit, building permit and any other applicable permits or approvals necessary for Plaintiff to construct and operate a 142 foot wireless telecommunications facility on South Mountain in the Town of Olive, New York; and

      The issues having been duly heard and a decision set forth in a Memorandum-Decision and Order dated September 28, 2005 having been duly rendered, the Court finds as follows:

(A)    On August 23, 2000, Plaintiff Masterpage Communications Inc. ("Plaintiff") filed a special use permit application to construct a wireless telecommunications facility on South Mountain in the Town of Olive, New York (the "Application");

(B) Defendant The Town Board of the Town of Olive (the "Town Board") unreasonably delayed action on the Application in violation of the Telecommunications Act, 47 U.S.C. § 332 ("TCA"), based on the following facts:

(i) the Town Board made an unauthorized referral of the Application to the Town of Olive Planning Board on three (3) occasions;

(ii) the Town Board continued a moratorium for almost one (1) year after it had learned of Plaintiff's intention to apply for the special use permit;

(iii) the Town Board repeatedly questioned Plaintiff regarding the justification for the height of the proposed facility despite the opinion of the Town Board's own consultant that the requested height (142 feet) was necessary to provide adequate coverage;

(iv) Plaintiff provided written responses to the height issue raised by the Town Board and previously responded to the list of "concerns" raised at a public hearing; and

(v) Plaintiff provided the Town Board with factual support relating to Plaintiff's legal access to the site and provided the Town Board with well-settled state law prohibiting denial of a permit based upon an alleged violation of a matter of private agreement; and

(C) immediate injunctive relief is necessary because it is unlikely a remand of Plaintiff's application to the Town Board would serve any purpose and remand would further delay the Application. Therefore it is hereby

ORDERED, ADJUDGED AND DECREED, that Plaintiff's motion for summary judgment is granted on Count 1 in the Complaint; and it is further

ORDERED, ADJUDGED AND DECREED, that Defendants are hereby directed to issue a special use permit, building permit and any other applicable permits or approvals necessary for Plaintiff to construct and operate a 142 foot wireless telecommunications facility on South Mountain in the Town of Olive, New York.

SO ORDERED.

DATED: October 4, 2005
Syracuse, New York

*Norman A. Mordue*
Norman A. Mordue
U.S. District Judge